IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWIN APONTE,                                    :
                                                 :
                    Petitioner,                  :
                                                 :   CIVIL ACTION
          v.                                     :
                                                 :   NO. 15-561
JAMES ECKARD, et al.,                            :
                                                 :
                    Respondents.                 :

## O R D E R

**AND NOW,** this 2ⁿᵈ day of February, 2017, upon careful and independent

consideration of the petition for writ of habeas corpus, and after review of the thorough

and well-reasoned Report and Recommendation of United States Magistrate Judge Lynne

A. Sitarski, **IT IS HEREBY ORDERED** that:

    1.      Upon *de novo* review, petitioner's objections are **OVERRULED**;

    2.      The report and recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Petitioner Edwin Aponte brings this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 3, 2016, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation, recommending that the petition be dismissed. Petitioner filed Objections to the Report and Recommendation on September 8, 2016. For the following reasons, I will overrule the Objections, approve and adopt the Report and Recommendation, and dismiss the petition with prejudice without an evidentiary hearing.

I will review *de novo* the portions of the Report and Recommendation to which petitioner objects and I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Petitioner makes several objections, which I will address in turn.

First, Petitioner argues that his conviction for murder in the first degree was not supported by substantial evidence and that the Commonwealth did not prove its case beyond a reasonable doubt. (Pet.'s Written Objections to the Rep. & Rec. 4 [hereinafter Objections]). Petitioner's objection to Judge Sitarski's well-reasoned and thorough discussion of this claim is overruled.

Petitioner next objects to Judge Sitarski's finding that (1) his claim that a self-defense

1

3.      The petition for a writ of habeas corpus is **DISMISSED** with prejudice;

4.      A certificate of appealability **WILL NOT ISSUE**; and

5.      The Clerk is directed to mark this case **CLOSED**.

BY THE COURT

*/s/ **Lawrence F. Stengel***
LAWRENCE F. STENGEL, J.

---

instruction should have been given to the jury is procedurally defaulted, and (2) that none of the exceptions apply such that the claim may nonetheless be considered.  This objection is also overruled for the same reasons stated in the Report and Recommendation.

In petitioner's next objection, he misunderstands that, with respect to ground two of the petition, Judge Sitarski made two distinct findings: first, that petitioner's claim that the trial court erred in admitting a letter into evidence is not cognizable on federal habeas review because it asserts only a violation of state evidentiary rules; and second, that petitioner's claim of ineffective assistance of counsel for failure to object to the admission of the letter or to seek a curative instruction is procedurally defaulted and that petitioner has not shown cause and prejudice to excuse the default.  Accordingly, this objection is overruled.

Next, petitioner asserts that he should have been granted a new trial because his brother made improper comments in the presence of the jury.  The Report and Recommendation correctly points out that a federal habeas court may not review a claim arising under an alleged violation of state law and that therefore this claim is non-cognizable.  Thus, this objection is also overruled.

Petitioner's objection to Judge Sitarski's recommendation with respect to ground four is also overruled.  The Report and Recommendation thoroughly explained why Petitioner's claim regarding the prosecutor's statements at closing is non-cognizable and that his constitutional claims regarding his due process and Sixth Amendment rights are procedurally defaulted.

Petitioner also objects to Judge Sitarski's recommendation as to his claims of ineffective assistance of counsel, in which he asserts that his trial counsel was ineffective for failing to object to a police officer's testimony on Confrontation Clause grounds, that all of his counsel were ineffective for failing to raise a claim pursuant to Brady v. Maryland as to witness Emmanuel Ramos, and that his ineffectiveness claims should be evaluated by taking into consideration the cumulative errors of counsel.  Judge Sitarski thoroughly addressed each of Petitioner's claims and explained why the claims of ineffective assistance of counsel should be denied.  Accordingly, Petitioner's objections as to grounds five, six, and seven are overruled.